

WWW.RIVKINRADLER.COM

926 RXR Plaza
Uniondale, NY 11556-0926
T 516.357.3000 F 516.357.3333

**MICHAEL VANUNU**

(516) 357-3337
michael.vanunu@rivkin.com

May 27, 2021

**VIA ECF**

Honorable Pamela K. Chen
United States District Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:     Gov't Emps. Ins. Co. v. Wallegood, Inc. et al.
         Docket No.: 1: 21-cv-01986-PKC-RLM

Dear Judge Chen:

Plaintiffs ("GEICO" or "Plaintiffs"), respectfully submit this letter in accordance with Rule 3.A. of Your Honor's individual rules. GEICO is prepared to promptly file a motion seeking an order enjoining Defendants Wallegood, Inc. ("Wallegood") and Aleksander Chernyshev ("Chernyshev") (collectively, "Defendants") from pursuing collection of their fraudulent claims in other forums that are identical to the issues in this action, which includes: (i) more than 70 collection arbitrations against GEICO pending before the American Arbitration Association (the "Collection Arbitrations"); (ii) more than 150 collection law suits against GEICO pending in New York City Civil Courts (the "Collection Lawsuits"); and (iii) more than 600 claims that are have previously been denied by GEICO, which the Defendants are likely to proceed to collect in arbitration or a civil court lawsuit.

Plaintiffs commenced this action to terminate an egregious "No-Fault" insurance fraud scheme, whereby Defendants used Wallegood as a vehicle to submit massive amounts of fraudulent billing to GEICO for medically unnecessary durable medical equipment and orthotic devices (collectively "DME"). Specifically, since April 2018, Defendants submitted more than $1,500,000.00 in fraudulent billing to GEICO purportedly to provide patients involved in automobile accidents in New York ("Insureds") with specific DME even though, in every case, the DME was medically unnecessary, illusory, and otherwise not reimbursable. See D.E. 1, passim.

GEICO's Complaint sets forth in granular detail the Defendants fraudulent scheme and its submission to GEICO of more than $1.5 million in claims seeking "no-fault" insurance benefits for DME they purportedly provided to Insureds. See D.E. 1, passim.  The basis for GEICO's claims against the Defendants can be summarized as follows: (i) they misrepresented that the DME provided to Insureds were medically necessary for each Insured when the prescriptions for DME were the result of unlawful financial arrangements between them and healthcare providers, either directly or through third-parties (see D.E. 1, ¶¶ 74-91); (ii) they misrepresented that the DME provided to Insureds was medically necessary when the DME was medical unnecessary and provided pursuant to predetermined fraudulent protocols (see D.E. 1., ¶¶ 92-200); (iii) they misrepresented that the DME



Honorable Pamela K. Chen
May 27, 2021
Page 2

_____

was provided to Insureds was medically necessary when the DME purportedly provided was not based upon prescriptions issued by a healthcare provider (see D.E. 1., ¶¶ 201-210); and (iv) they misrepresented what kind of DME they provided to Insureds and the permissible reimbursement rates that the Defendants could receive, to the extent that they actually provided DME to Insureds (see D.E. 1., ¶¶ 211-282). Each of these misrepresentations are described with significant particularity (see D.E. 1, passim.) and are an independent basis for GEICO's causes of action, which include a claim for a declaration that GEICO is not liable to pay any of the outstanding and unpaid billing that has been submitted through Wallegood because of the fraud alleged in the Complaint. See D.E. 1., ¶¶ 298-305.

The fact that Defendants may claim they simply relied on prescriptions written for the DME is of no moment because they still may not recover on those claims. See Gov't Emps. Ins. Co. v. Big Apple Med Equipment, Inc., Docket No. 1:20-cv-05786, D.E. 52 (E.D.N.Y. March 25, 2021) (granting GEICO's injunction to stay arbitrations brought by DME supplier); Gov. Emps. Ins. Co. v. Adv. Labs, Docket No. 20-cv-02391-KAM-VMS (E.D.N.Y. December 1, 2020) (granting GEICO's injunction to stay arbitrations by a laboratory provider because there are serious questions going to the merits of the action, and "defendants may be held liable for medically unnecessary services under New York's No-Fault insurance laws"); Long Is. Radiology v. Allstate Ins. Co., 36 A.D.3d 763, 764 (2d Dept. 2007) (holding that "[s]ince the defense of lack of medical necessity may indisputably be raised by the defendants [insurers] against the injured party, it is available as against radiologists who accept assignments of no-fault benefits"). Notably, Defendants' wrongful conduct is not isolated or occasional; Wallegood has submitted thousands of fraudulent charges totaling more than $1.5 million since January 2018.  Out of that amount, GEICO has voluntarily paid more than $171,000.00 and there are presently over $750,000.00 in claims that have been submitted to GEICO but have not been paid, approximately half of which are presently in dispute before the AAA and Civil Court.

Defendants should logically welcome opportunity to have their Collections Arbitrations, Collection Lawsuits, and other pending claims adjudicated in a single forum, since the individual bills at issue in the underlying Collections Arbitrations and Collection Lawsuits (the "Collection Proceedings") brought by Defendants are the very same bills that are at issue in GEICO's declaratory judgment claim in this case. However, the Defendants' collection efforts in the Collection Proceedings are an extension of their fraudulent conduct. As a result, GEICO intends to file a motion seeking an Order: (i) staying all No-Fault insurance Collection Proceedings; and (ii) enjoining Defendants from commencing any new No-Fault insurance collection arbitrations or civil court collection lawsuits against GEICO, until resolution of the instant federal court action.

The decisions in this district have routinely issued stays of healthcare provider's No-Fault collection arbitrations and enjoined healthcare providers from commencing new No-Fault arbitration or state court collection cases during the pendency of a plaintiff-insurer's fraud and declaratory judgment action. See Gov't Emps. Ins. Co. v. Big Apple Med Equipment, Inc., Docket No. 1:20-cv-05786 (E.D.N.Y. March 25, 2021)(Chen, J.); Gov. Emps. Ins. Co. v. Adv. Labs, Docket No. 20-cv-02391-KAM-VMS (E.D.N.Y. December 1, 2020)(Matsumoto, J.); Gov't Emps. Ins. Co. v. Moshe, 2020



Honorable Pamela K. Chen
May 27, 2021
Page 3

U.S. Dist. LEXIS 114100 (E.D.N.Y. June 29, 2020) (Block, J.); Gov't Emps. Ins. Co. v. Strut, 2020 U.S. Dist. LEXIS 63396 (W.D.N.Y. April 10, 2020) (Scott, J.); Gov't Emps. Ins. Co. v. Wellmart RX, Inc., 435 F. Supp. 3d 443, 445 (E.D.N.Y. 2020) (Matsumoto, J.); Gov't Emples. Ins. Co. v. Cean, 2019 U.S. Dist. LEXIS 203298 (E.D.N.Y. November 22, 2019) (Chen, J.); State Farm Mut. Auto. Ins. Co. v. Parisien, 352 F. Supp. 3d 215 (E.D.N.Y. 2018) (Glasser, J.); Gov't Employees Ins. Co. v. Mayzenberg, 2018 U.S. Dist. LEXIS 195890(E.D.N.Y. November 16, 2018) (Glasser, J.); Gov't Emples. Ins. Co. v. Strutsovskiy, 2017 U.S. Dist. LEXIS 178514 (W.D.N.Y. October 26, 2017) (Vilardo, J.); Allstate Ins. Co. v. Elzanaty, 929 F. Supp. 2d 199, 217 (E.D.N.Y. 2013) (Spatt, J.); Liberty Mut. Ins. Co. v. Excel Imaging, P.C., 879 F. Supp. 2d 243 (E.D.N.Y. 2012) (Weinstein, J.).

Courts have found under circumstances analogous to this action that GEICO demonstrated irreparable harm sufficient to grant a stay because absent a stay, the collection proceedings is a waste of time and resources and also invite inconsistent judicial outcomes when there is a pending federal action regarding the same claims. See, e.g., Moshe, 2020 U.S. Dist. LEXIS 114100 at *3; Mayzenberg, 2018 U.S. Dist. LEXIS 195890 at * 14 - * 15; Parisien, 352 F. Supp. 3d at 23; Strutsovskiy, 2017 U.S. Dist. LEXIS 178514  at * 18.  Moreover, and to underscore the irreparable harm to GEICO absent a stay, a money damage award or judgment is unlikely to provide adequate compensation to GEICO. Wallegood no longer conducts business and is not operating at the address on file with the New York State Department of State. Wallegood's only source of assets are its accounts receivable, which are the claims that are the subject of the Collection Proceedings. Without staying the pending Collections Proceedings, GEICO will suffer irreparable harm because it is unlikely to satisfy a money damage award or judgment because of Wallegood's lack of assets. See Wellmart RX, 435 F.Supp.3d at 453.

For the reasons set forth in this letter, GEICO respectfully requests that a pre-motion conference be conducted at the Court's earliest convenience and/or that a briefing schedule be promptly adopted.

The Court's attention to this matter is appreciated.

Respectfully submitted,

RIVKIN RADLER LLP

/s/ Michael Vanunu

Michael Vanunu

cc:     All counsel via ECF