

WWW.RIVKINRADLER.COM

926 RXR Plaza
Uniondale, NY 11556-0926
T 516.357.3000 F 516.357.3333

**MICHAEL VANUNU**
(516) 357-3337
michael.vanunu@rivkin.com

June 21, 2021

**VIA ECF**
Honorable Pamela K. Chen
United States District Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   Gov't Emps. Ins. Co. v. Wallegood, Inc. et al.
      **Docket No.: 1:21-cv-01986-PKC-RLM**

Dear Judge Chen:

Plaintiffs ("GEICO" or "Plaintiffs"), respectfully submit this letter in relation to the Court's June 7, 2021 Order to Show Cause (D.E. dated June 7, 2021) ("the Order to Show Cause"), to respond to the opposition filed by Defendants Wallegood, Inc. ("Wallegood") and Aleksander Chernyshev ("Chernyshev")(collectively, the "Defendants") (D.E. 23), and in further support of GEICO's request for an order, pending disposition of GEICO's declaratory judgment claim: (i) staying all No-Fault insurance collection arbitrations and state civil court collection lawsuits (collectively "Pending Collection Cases") between Wallegood and GEICO; and (ii) enjoining the Defendants from commencing any new arbitrations or lawsuits (collectively "New Collection Cases") seeking payment from GEICO. See D.E. 18. For the reasons set forth below, GEICO's request for a preliminary injunction should be granted.

GEICO's request for a preliminary injunction, and the facts supporting GEICO's request in this matter, is virtually identical to its request and this Court's previous decision in Gov't Emps. Ins. Co. v. Big Apple Med Equipment, Inc., No. 20-cv-5786 ("Big Apple"). Compare D.E. 18 with Big Apple, D.E. 36., see also Big Apple, D.E. 52. The factual allegations and causes of action advanced in GEICO's complaint against Wallegood are virtually identical to GEICO's complaint against Big Apple Med Equipment ("Big Apple")(collectively the "Complaints"). For example:

- Both Wallegood and Big Apple were suppliers of durable medical equipment and orthotic devices ("DME");
- The Complaints in both this case and Big Apple each allege that the DME companies and their owners engaged in a fraudulent scheme to dispense medically unnecessary DME pursuant to unlawful financial arrangements and predetermined fraudulent protocols, and billed GEICO for DME that they never provided[1];

---

[1] The Complaints against Wallegood and Big Apple both allege that they billed GEICO for DME purportedly provided to Insureds under fraudulent circumstances. For example, to the extent that any



Honorable Pamela K. Chen
June 21, 2021
Page 2 of 5

- The claims asserted here are identical to the claims asserted in Big Apple, including a declaratory judgment claim, RICO claim, common-law fraud claim and unjust enrichment claim.

- At the time of the filing of both Complaints, Wallegood and Big Apple had ceased conducting business, and were only operating as entities to collect outstanding No-Fault insurance benefits from insurers, including the filing No-Fault insurance collection arbitrations and state civil court collection lawsuits.

The Complaints in both Wallegood and Big Apple contain significant detail and claim-specific examples to support the fraudulent schemes, and both identify how Big Apple and Wallegood were able to perpetrate the unlawful financial arrangements, including for example, that Wallegood cashed checks at check cashing facilities for no legitimate purpose. The Complaints also describe specific patterns for issuing prescriptions to Insureds and include claim-specific examples of virtually identical medically unnecessary DME that was consistently provided to Insureds. Compare D.E. 1 with Big Apple, D.E. 1. Even more, the Complaint in this case identifies additional conduct by the Defendants to defraud GEICO, such as billing for DME purportedly provided to Insureds without valid prescriptions from licensed healthcare professionals, and intentionally inflating the reimbursement rate for the DME purportedly provided to Insureds. See D.E. 1.

GEICO's request to stay the Pending Collection Cases and enjoin the commencement of any New Collection Cases is the same as the request in Big Apple, except that the present request also seeks a stay of all pending state civil court collection lawsuits. In Big Apple, this Court concluded that it had the authority to enjoin pending and future arbitrations against GEICO by Wallegood, and to restrain Wallegood from instituting future state court proceedings. Big Apple, D.E. 52, n. 6. This Court also has the authority to stay the pending state civil court collection lawsuits. The All Writs Act ("AWA") enables a federal court to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651. The Anti-Injunction Act ("AIA") does limit the authority of federal courts to enjoin pending, previously filed state court proceedings; but the AIA expressly allows a federal court to stay such pending proceedings "where necessary in aid of its jurisdiction, or to protect or effectuate its judgment." See 28 U.S.C. § 2283; MLE Realty Assocs. v. Handler, 192 F.3d 259, 261 (2d Cir. 1999).

Under the "aid of its jurisdiction, or to protect or effectuate its judgment" exception, several courts within this district have granted motions to stay pending state court collection lawsuits seeking collection of No-Fault insurance benefits when there have been pending before them declaratory judgment claims

---

DME was provided to Insureds: (i) it was the result of unlawful financial arrangements with healthcare providers, either directly or through third-parties; (ii) it was the based upon prescriptions that were issued by healthcare provider pursuant to predetermined fraudulent protocols, not based upon the medical necessity of each Insured; and (iii) the bills submitted to GEICO fraudulently misrepresented the type and nature of the DME purportedly provided to Insureds by including HCPCS Codes on the bills that did not identify the DME provided to Insureds.



Honorable Pamela K. Chen
June 21, 2021
Page 3 of 5

by insurers seeking a determination that the defendant is not entitled to collect No-Fault insurance benefits. See State Farm Mut. Auto. Ins. Co. v. Parisien, 352 F. Supp. 3d 215, 229 (E.D.N.Y. 2018) (granting a stay of the individual state court No-Fault actions in a substantially similar insurance fraud cause because the numerous civil court actions rendered "trial in the [state] forum ... so gravely difficult and inconvenient that [plaintiff] will for all practical purposes be deprived of [its] day in court"); Gov't Emps. Ins. Co. v. Yakov Zilmberman, D.C., et al., 1:20-cv-00209-FB-RML, D.E. 40 (E.D.N.Y. March 25, 2021); State Farm Mut. Auto. Ins. Co. v. Jamaica Wellness Med., P.C., et al., 1:16-cv-04948-FB-SMG, Hrg. Tr. 18:7-13[2] (E.D.N.Y May 18, 2017) (granting State Farm's request to stay 76 pending state court actions filed by the defendants against State Farm because "the economy of judicial resources is amply served by having all of these issues revolved in this one proceeding and [] I think that really warrants the exception to the [AIA] here").  The rationale for doing so in the present case is no different. Failing to do so presents a risk that the state civil court judgments would be inconsistent with this Court's judicial rulings. Even more, an injunction staying the more than 150 pending state civil court collection lawsuits until this action is resolved is absolutely necessary to aid the jurisdiction of this Court, prevent fragmented results, and avoid a massive drain of judicial resources for all involved. As with the No-Fault insurance collection arbitrations, it is impossible for a single civil court judge to fully consider the contours of a fraudulent scheme involving patterns of fraudulent behavior that – by design – is not readily apparent from the face of any individual bill or treatment record at issue in a single case and requires an arial view of the bills and treatment records. See Parisien, supra, 352 F. Supp. 3d at 229.

The standard for GEICO's request to stay Pending Collecting Proceedings an enjoin New Collection Proceedings requires "(1) irreparable harm absent injunctive relief; and (2) "either a likelihood of success on the merits, or a serious question going to the merits to make them a fair ground for trial, with a balance of hardships tipping." Big Apple, D.E. 52, p. 6 (quoting Allstate Ins. Co. v. Elzanaty, 929 F. Supp. 2d 199, 217 (E.D.N.Y. 2013)). As in Big Apple, GEICO, has advanced more than sufficient facts here to show that: (i) it will suffer irreparable harm absent injunctive relief; (ii) there are serious questions going to the merits of GEICO's declaratory judgment claim to make them a fair ground for trial; and (iii) the balance of hardships tips in GEICO's favor.

Absent the requested injunctions, GEICO will suffer irreparable harm because GEICO is faced with (i) defending over 70 pending arbitrations, (ii) defending over 150 pending civil court suits, and (iii) more than 600 claims that have previously been denied by GEICO and are likely to proceed to  arbitration or a civil court collection lawsuit, which are all subject to GEICO's declaratory judgment claim.  Many of the Pending Collection Proceedings filed by Defendants before a myriad of arbitrators and civil court judges may result in awards that are, at best, inconsistent with judicial rulings in this action and, at worst, essentially ineffective.  Even more, GEICO will suffer irreparable harm because a money damage award or judgment is unlikely to provide adequate compensation to GEICO as Wallegood is essentially judgment proof.  As set forth in the accompanying declaration, Wallegood no longer conducts business,

---

[2] A copy of the decisions in Parisien and Zilberman are attached as Exhibit "1".   A copy of the May 18, 2017 hearing transcript is attached as Exhibit "2".



Honorable Pamela K. Chen
June 21, 2021
Page 4 of 5

has been dormant for more than a year and is essentially a shell that remains for collecting on fraudulent account receivables. See Exhibit "3", Declaration of Daniel Curto. It is clear that the corporation has no real assets with the exception of the fraudulent accounts receivable, and that absent an injunction, GEICO will not be able to satisfy a damages award or judgment.

In Big Apple, this Court found that absent an injunction, GEICO would suffer irreparable harm because: (i) Big Apple's pending collection cases against GEICO involve the very same claims that were the subject of GEICO's declaratory judgment claim in the complaint and may result in awards that are, at best inconsistent with judicial rulings in this action and, at worst, essentially ineffective. The Court also found irreparable harm; and (ii) that Big Apple was essentially judgment proof and any damages award is unlikely to provide adequate compensation. Big Apple, D.E. 52, p. 7. The same conclusion is warranted here. Compare D.E. 1 with Big Apple, D.E. 52; see also e.g. Gov. Emps. Ins. Co. v. Adv. Labs, Docket No. 20-cv-02391-KAM-VMS (E.D.N.Y. December 1, 2020); Gov't Emps. Ins. Co. v. Moshe, 2020 U.S. Dist. LEXIS 114100 (E.D.N.Y. June 29, 2020); Gov't Emps. Ins. Co. v. Wellmart RX, Inc., 435 F. Supp. 3d 443 (E.D.N.Y. 2020); Parisien, 352 F. Supp. 3d 215; Elzanaty, 929 F. Supp. 2d 199; (all finding that an insurer will suffer sufficient irreparable harm absent an injunction based on factual circumstances extremely similar to the instant case).

This Court should reject the arguments advanced in Defendants' opposition as they are the same arguments that the Court previously heard and rejected in Big Apple. Furthermore, this Court should also reject the authority the Defendants rely upon to oppose to the Order to Show Cause. Specifically, Defendants rely on Allstate Ins. Co. v. Harvey Family Chiropractic, Physical Therapy & Acupuncture, 677 Fed. App'x 716 (2d. Cir. 2017), Allstate Ins. Co. v. Avetisyan 2018 WL 6344249 (E.D.N.Y. Oct. 30, 2018), Allstate Ins. Co. v. Zelefsky, 13-CV-5830 (JFB) (AKT), D.E. 66 (Apr. 2, 2014) and Allstate Ins. Co. v. E. Island Med. Care, P.C. 16-CV-2802 (JFB) (AKT), D.E. 106 (June 5, 2017), all of which were cited by Big Apple and rejected and/or distinguished by this Court when it issued a preliminary injunction in Big Apple. Compare D.E. 23 with Big Apple, D.E. 45; Big Apple, D.E. 52. Defendants' opposing papers do not set forth any new authority or arguments for this Court to consider.

The Complaint here, at a minimum, establishes a serious question going to the merits of GEICO's declaratory judgment claim. As in Big Apple, the Complaint here alleges, and provides claim specific examples to support its detailed allegations, that the Defendants are not entitled to receive payment of No-Fault insurance benefits because the Defendants misrepresented that: (i) the DME provided to Insureds were medically necessary when the prescriptions for DME were the result of unlawful financial arrangements (D.E. 1, ¶¶ 74-91); (ii) the DME provided to Insureds was medically necessary when the DME was not medical necessary and provided pursuant to predetermined fraudulent protocols (D.E. 1., ¶¶ 92-200); (iii) the DME was provided to Insureds was medically necessary when the DME purportedly provided was not based upon prescriptions issued by a healthcare provider (D.E. 1., ¶¶ 201-210); and (iv) the DME provided to Insureds and the permissible reimbursement rates that the Defendants could receive, when the DME purportedly provided and the reimbursement rate were not accurately reflected in the bills to GEICO (D.E. 1., ¶¶ 211-282). Each of these misrepresentations are described with



Honorable Pamela K. Chen
June 21, 2021
Page 5 of 5

---

significant particularity (D.E. 1, passim.), do not rest of mere hypotheticals, and are an independent basis for GEICO's declaratory judgment cause of action. D.E. 1., ¶¶ 298-305. Defendants' opposition does not establish any basis to question the existence of a serious question going to the merits. Instead, Defendants repeat the same arguments advanced and previously rejected in Big Apple. Compare D.E. 23, p. 5 with Big Apple, D.E. 45, pp. 18-19. In fact, Defendants' opposition shows there is a factual dispute between the parties, which establishes "a serious question going to the merits to make them fair ground for trial" that previously satisfied the standard for a preliminary injunction. See Big Apple, D.E. 52, p. 18.

Finally, the balance of hardships, here, tip in favor of a preliminary injunction against Defendants. In Big Apple, this Court found that the balance of hardship tips in favor of granting an injunction because: (i) GEICO will suffer irreparable harm if it succeeds in proving its declaratory judgment claim without staying pending collection cases and enjoying future collection actions when, at worst, defendants will only receive delayed payment of no-fault benefits they are entitled to receive if GEICO fails to provide its declaratory judgment claim; and (ii) granting a stay and injunction will save all parties time and resources because the parties will not have to adjudicate hundreds of individual claims in a piecemeal fashion. Big Apple, D.E. 52, pp. 19-20; see also Wellmart RX, Inc., 435 F. Supp. 3d 443. Defendants' assertion in their opposition that the statutory maximum No-Fault insurance benefits will be exhausted is completely speculative and should be rejected by this Court. Notably, Defendants have not identified a single insurance policy that is at risk of exhaustion or that one of the claims might be rendered uncollectable during the pendency of the stay. It is notable that the same argument advanced by the defendants was rejected by Judge Block last year because of the speculative nature of the argument and the lack of any corroborating evidence. See Moshe, supra, 2020 U.S. Dist. LEXIS 114100. No different conclusion is warranted here.

For the reasons discussed in this letter, GEICO's request for a preliminary injunction should be granted and an order issued: (i) staying all No-Fault insurance collection arbitrations and state civil court collection lawsuits between Wallegood and GEICO; and (ii) enjoining Defendants from commencing any new arbitration or state civil court cases to collect No-Fault benefits from GEICO.

The Court's continuing attention to this matter is appreciated.

                                              Respectfully submitted,

                                              RIVKIN RADLER LLP

                                              */s/ Michael Vanunu*

                                              Michael Vanunu

MV/bil
cc:     All counsel via ECF

5286868.v2