

WWW.RIVKINRADLER.COM

926 RXR Plaza
Uniondale, NY 11556-0926
T 516.357.3000 F 516.357.3333

**PHILIP NASH**
(516) 357-3374
philip.nash@rivkin.com

September 29, 2021

**VIA ECF**
Honorable Roanne L. Mann
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:  *Government Employees Insurance Co., et al. v. Wallegood, Inc., et al.*
            Docket No. 1:21-cv-01986 (PKC)(RLM)

Dear Magistrate Judge Mann:

This firm represents Plaintiffs (collectively "GEICO or Plaintiffs") in the above-referenced matter. Pursuant to Local Rule 37.3(c), Plaintiffs respectfully move for an order compelling Defendants Wallegood, Inc. ("Wallegood") and Aleksander Chernyshev ("Chernyshev") (collectively, "DME Defendants") to provide full and complete responses to GEICO's First Request for Production of Documents and First Set of Interrogatories (collectively, the "Discovery Requests").

Plaintiffs initially served their Discovery Requests on June 30, 2021. Copies of the Discovery Requests are annexed hereto as Exhibit "A". Following a meet and confer with counsel for the DME Defendants on August 11, 2021, GEICO granted the DME Defendants an extension of time to complete the Discovery Requests to September 10, 2021. On September 17, 2021, in an attempt to resolve the discovery disputes, GEICO demanded through counsel that the DME Defendants provide the overdue discovery responses by September 24, 2021. On September 24, 2021, counsel for the DME Defendants responded that responses were not yet ready but should be expected sometime during the week of September 27, 2021. GEICO would not consent to any further extensions of time beyond September 24, 2021 because the DME Defendants have had approximately three months to respond to the Discovery Requests.

As of the filing of this letter motion, GEICO has yet to receive any response to the Discovery Requests by the DME Defendants. It is clear that the DME Defendants have no intention of complying with their discovery obligations absent an Order from this Court.

The Discovery Requests served by GEICO on the DME Defendants are relevant and material to this action. See Oppenheimer Fund Inc. v. Sanders, 437 U.S. 340, 351, 57 L. Ed. 2d 253, 98 S. Ct. 2380 (1978). In addition, the value of the discovery sought outweighs and is in proportion to any cost or burden of its production. See Fed. R. Civ. P. 26(b)(1); see also In re Weatherford International Securities Litigation, 2013 WL 2355451, at *5 (S.D.N.Y. Mar. 28, 2013). Furthermore, having failed to respond in a timely manner, the DME Defendants have waived any objection to the discovery

**RIVKIN RADLER**
ATTORNEYS AT LAW

Letter to Magistrate Judge Mann – September 29, 2021
Page 2

requests. See, e.g., Government Employees Insurance Co. v. Weinberger, D.C., Dkt. No. 1:18-cv-06641(NGG)(RER) (E.D.N.Y.), at May 15, 2019 Order (granting motion to compel and ordering defendants "to provide full responses, with non-privileged based objections waived" (emphasis added)); Labarbera v. Absolute Trucking, Inc., 2009 U.S. Dist. LEXIS 70901 at * 3 (E.D.N.Y. Aug. 12, 2009).

Under the circumstances, GEICO respectfully requests that this Court order directing Wallegood and Chernyshev to provide immediate and complete responses to the Discovery Requests, with all objections waived.

We thank the Court for its continuing attention to this matter.

                                                                     Very truly yours,

                                                                     RIVKIN RADLER LLP

                                                                     */s Philip Nash*

                                                                     Philip Nash, Esq.

CC:    All counsel via ECF

5510059.v2