

WWW.RIVKINRADLER.COM

926 RXR Plaza
Uniondale, NY 11556-0926
T 516.357.3000 F 516.357.3333

**PHILIP NASH**
(516) 357-3374
philip.nash@rivkin.com

October 5, 2021

**VIA ECF**
Honorable Roanne L. Mann
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:  *Government Employees Insurance Co., et al. v. Wallegood, Inc., et al.*
           Docket No. 1:21-cv-01986 (PKC)(RLM)

Dear Magistrate Judge Mann:

This firm represents Plaintiffs (collectively "GEICO or Plaintiffs") in the above-referenced matter. Pursuant to Local Rule 37.3(c), Plaintiffs respectfully move for an order compelling Defendants Hong Pak, M.D. ("Pak"), Melissa Evans, N.P. ("Evans"), and Mini Mathew, N.P. ("Mathew") (collectively, "Provider Defendants") to provide full and complete responses to GEICO's First Request for Production of Documents and First Set of Interrogatories (collectively, the "Discovery Requests").

Plaintiffs initially served their Discovery Requests for Defendants Evans and Mathew on June 30, 2021, and on July 19, 2021 for Defendant Pak. On July 29, 2021, following a meet and confer with counsel for the Provider Defendants, Plaintiffs served an amended First Request for the Production of Documents on Evans and Mathew that added one additional document request that was not included in the original First Request (but was included in the July 19, 2021 demand served on Pak), and agreed to extend the time for the Provider Defendants to answer to August 30, 2021. Copies of the Discovery Requests are annexed hereto as Exhibit "A". Following a meet and confer with counsel for the Provider Defendants on September 3, 2021, GEICO granted the Provider Defendants an extension of time to complete the Discovery Requests to September 10, 2021. On September 17, 2021, in an attempt to resolve the discovery disputes, GEICO demanded through counsel that the Provider Defendants provide the overdue discovery responses by September 24, 2021. On September 23, 2021, counsel for the Provider Defendants requested an extension to September 29, 2021 due to a death in the family, to which GEICO granted an extension of time to respond to October 1, 2021. The Provider Defendants have now had approximately three months to respond to the Discovery Requests.

As of the filing of this letter motion, GEICO has yet to receive any response to the Discovery Requests by the Provider Defendants. It is clear that the Provider Defendants have no intention of complying with their discovery obligations absent an Order from this Court.

The Discovery Requests served by GEICO on the Provider Defendants are relevant and material to this action. See Oppenheimer Fund Inc. v. Sanders, 437 U.S. 340, 351, 57 L. Ed. 2d 253, 98 S. Ct. 2380

Letter to Magistrate Judge Mann – October 5, 2021
Page 2

(1978). In addition, the value of the discovery sought outweighs and is in proportion to any cost or burden of its production. See Fed. R. Civ. P. 26(b)(1); see also In re Weatherford International Securities Litigation, 2013 WL 2355451, at *5 (S.D.N.Y. Mar. 28, 2013). Furthermore, having failed to respond in a timely manner, the Provider Defendants have waived any objection to the discovery requests. See, e.g., Government Employees Insurance Co. v. Weinberger, D.C., Dkt. No. 1:18-cv-06641(NGG)(RER) (E.D.N.Y.), at May 15, 2019 Order (granting motion to compel and ordering defendants "to provide full responses, with non-privileged based objections waived" (emphasis added)); Labarbera v. Absolute Trucking, Inc., 2009 U.S. Dist. LEXIS 70901 at * 3 (E.D.N.Y. Aug. 12, 2009).

Under the circumstances, GEICO respectfully requests that this Court order directing Pak, Evans, and Mathew to provide immediate and complete responses to the Discovery Requests, with all objections waived.

We thank the Court for its continuing attention to this matter.

>       Very truly yours,
>
>       RIVKIN RADLER LLP
>
>       /s Philip Nash
>
>       Philip Nash, Esq.

CC:     All counsel via ECF

5516790.v1